

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 19, 1939

Hon. W. A. Morrison
Criminal District Attorney
Cameron, Texas

Dear Sir:

Opinion No. O-673
Re: The appointment of assistant
criminal district attorneys
is governed by article 326k.

Your letter addressed to Gerald C.
Mann, Attorney General, has been referred to
the writer for consideration and reply. You
request answers to the following six questions:

1. "Can the criminal district
attorney of Milam County appoint
either an assistant criminal district
attorney or an investigator under and
by virtue of articles 324 and 324a?

2. "If he can make such an ap-
pointment, will the appointee be paid
by the Comptroller?

3. "If the appointee cannot be
paid by the Comptroller, can he be paid
out of the Officer's Salary Fund of
Milam County under the new fees of
office law?

4. "Does article 3902, as
amended in 1937, repeal or annul the
proviso in said article 324, that the
'special investigator shall be paid
by the Comptroller, etc.'?

5. "Does section 4 of article

326q repeal or supersede in any way
article 324a as applied to Milam
County, or is it accumulative there-
of?

6. "Is the criminal district
attorney, on making appointments of
assistants not possessing the qual-
ifications required by law of dis-
tricts and county attorneys under
section 4 of article 326q, required
to apply to the Commissioners' Court
for authority to make such appoint-
ment, or can he make such appoint-
ment subject only to radification
by the Commissioners' Court as sug-
gested by that part of said section
4, relative to his appointing three
assistants with the qualifications
required by law of districts, and
county attorneys? Note the word
'governed' in the last sentence of
section 4."

You are advised that article 326q, R.
C.S. of Texas, creates the separate and distinct
office of criminal district attorney from the
constitutional office of district attorney. Said
article provides, in section 5(a) thereof:

"It is not the intention of this
Act to create any office of district
attorney or any other constitutional
office and the office of criminal
district attorney is hereby declared
to be a separate and distinct office
from the constitutional office of dis-
trict attorney and no criminal district
attorney shall draw or be entitled to
any salaries whatsoever from the state
of Texas."

You will note that articles 324 and 324a of the R.C.S. of Texas, come under title 15, "Attorneys-District and County". As criminal district attorney, you derive no authority under those articles. There is no repealing effect or contravention between the provisions of article 326q and 324, R.C.S. of Texas. Accordingly, the answers to your questions Nos: 1, 2, 4, and 5 must be in the negative.

Article 326q, section 4, R.C.S. of Texas, provides for the appointment of the staff of a criminal district attorney, as follows:

"The criminal district attorney may appoint not to exceed three assistants and one stenographer, same to be ratified by the Commissioners' Court. One of said assistants shall receive a salary not to exceed Three Thousand ($3,000.00) Dollars per annum, one of said assistants shall receive a salary not to exceed Two Thousand Four Hundred ($2,400.00) Dollars per annum, and one of said assistants shall receive a salary not to exceed One Thousand Eight Hundred ($1,800.00) Dollars per annum. The stenographer shall receive a salary not to exceed One Thousand Five Hundred ($1,500.00) Dollars per annum. Said assistants and stenographer to be paid in the same manner as the assistants and stenographer to the county attorney as are now being paid in the several counties of Texas by this Act. Upon appointment as confirmation such assistants shall take the oath of office and be authorized to perform the duties devolving

upon the criminal district attorney
and to exercise any power conferred
by law upon county and district at-
torneys. Said criminal district at-
torney may also appoint one or more
assistants who need not possess the
qualifications required by law of
criminal district attorneys or coun-
ty attorneys, such appointment to be
governed by the provisions of article
3902 of the R.C.S. of 1925 and the
duties of such assistants are to be
directed by said criminal district
attorney."

A criminal district attorney is rele-
gated to the provisions set forth in the above
quoted section of article 326q for the appointment
of any assistant criminal district attorney. The
appointment of any assistant criminal district
attorney possessing the qualification of criminal
district attorneys or county attorneys must be
ratified by the Commissioners' Court, in order
to be a valid appointment; while the appointment
of an assistant criminal district attorney not
possessing the qualifications required by law of
criminal district attorneys or county attorneys
must be governed by the provisions of article
3902, R.C.S., as follows:

"Whenever any district, county
or precinct officer shall require
the services of deputies, assistants
or clerks in the performance of his
duties, he shall apply to the County
Commissioners' Court of his county
for authority to appoint such deputies,
assistants or clerks, stating by
sworn application the number needed,
the positions to be filled and the

amount to be paid. Said application
shall be accompanied by a statement
showing the probable receipts from
fees, commissions and compensations
to be collected by said office dur-
ing the fiscal year and the probable
disbursements which shall include
all salaries and expenses of said
office; and said court shall make
its order authorizing the appointment
of such deputies, assistants and
clerks, and fix the compensation to
be paid them within the limitations
herein prescribed and determine the
number to be appointed as in the dis-
cretion of said court may be prop-
er; * * * "

It is our opinion and you are so ad-
vised that an assistant criminal district attor-
neys must be paid out of the Officer's Salary
Fund, and that the Commissioners' Court must
make an order granting authority to make the ap-
pointment, at a stated salary, of an assistant
criminal district attorney not possessing the
qualifications required by law of district and
county attorneys, in accord with the above quoted
article 3902.

Believing this to answer your inquiry,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat Coon

Pat Coon
Assistant

PC:ob

APPROVED:

ATTORNEY GENERAL OF TEXAS.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN